Daniels, J.
The objections upon which the appeal has been taken depend upon the sufficiency of the affidavit to support the order under which the testimony of the defendant Baker is proposed to be taken. It has been urged and insisted that the affidavit is not sufficient, and that it discloses rather the purpose to discover and inquire into the' defense than to obtain evidence to make out and sustain the plaintiff’s cause of action, which is for the recovery of the sum $7,500 upon an instrument held by the plaintiff, and upon which he alleges them to have become liable to him, but which liability they dispute and deny in the action. The object of the examination proposed to be taken is to obtain evidence to sustain the plaintiff’s right to maintain this action. That appears by repeated statements contained in the affidavit upon which the order has been made. Upon the subject the plaintiff has sworn that without an examination of the defendants to be used upon the trial he has no means of' ascertaining the language of an instrument signed by himself and another person and given to the defendants, and has no knowledge of the state of his accounts kept with him on the books of the defendants while he was in their employment. And “has no means of obtaining such knowledge except through an examination of said defendants to be used on the trial.” The general object and expectation of the examination, as that has been disclosed by those and other portions of the affidavit, are to fortify and maintain the plaintiff’s right to recover this sum of money upon this instrument. And while it is true that the evidence obtained may have an equal tendency to defeat the defense of the defendants, still this is not a reason for denying'the right of the plaintiff to take the testimony when, as a matter of fact, it is made to appear that it will be material and necessary for himself as he states it to be in the prosecution of his action. This, within the provisions of the Code, entitled the plaintiff to the testimony of the defendant Baker, as it has now been directed that it shall be taken. And the cases of Sweeney v. Sturgis (24 Hun, 162), and Fourth National Bank v. Boynton (29 Hun, 441), sanction this course of proceeding, which is not opposed in any manner *451 to what was held in Crooke v. Corbin, 28 Hun, 176, and Sprague v. Butterworth, 22 id., 502.
The object of the examination is not to maintain a charge of fraud against the defendants, but it is to obtain evidence to sustain their liability upon the obligation forming the foundation, of the action. And as the order was for this purpose warranted by the affidavit, a mere denial of the plaintiff’s rights by affidavits presented on behalf of the defendants would not justify its reversal. For the plaintiff is entitled, if he shall be able to do so, notwithstanding their denials, to obtain evidence by their own depositions that the case alleged in his favor against them is well founded upon the facts. The order should be affirmed, together with the usual costs and disbursements.
Davis and Brady, JJ., concur.